*E-Filed 3/31/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAIME R. SANCHEZ, | No. C 10-0439 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE;** |
| v. | **GRANTING MOTION TO PROCEED IN FORMA PAUPERIS** |
| R. E. BARNES, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner Jaime R. Sanchez, a state prisoner in Susanville, California, filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, petitioner, in 1998, was convicted of murder, and was sentenced to fifteen years to life in state prison. Petitioner sought, and was denied, relief on direct state review. It does not appear that petitioner sought state habeas review. This federal petition followed.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that the trial court (1) violated his right to due process when it admitted evidence of prior acts of domestic violence; (2) violated his right to due process when it admitted autopsy photographs; (3) violated his constitutional rights when it admitted custodial statements taken in violation of his Fifth and Fourteenth Amendment rights; (4) violated his right to due process when it instructed the jury on flight; (5) violated his right to due process when it instructed the jury with CALJIC No. 2.23.1; and (6) violated his constitutional rights by issuing an improper restitution order. Liberally construed, these claims appear to be cognizable in a federal habeas action.

**MOTIONS**

Petitioner has requested to proceed in forma pauperis, and has filed a completed application for such status. (*See* Docket No. 2.) Good cause appearing therefor, petitioner's motion to proceed in forma pauperis is GRANTED.

**CONCLUSION**

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)**

United States District Court
For the Northern District of California

days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4.  In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//
//
//
//
//

No. C 10-0198 RS (PR)
ORDER TO SHOW CAUSE

7.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8.  Petitioner's motion to proceed *in forma pauperis* is GRANTED.

9.  This order terminates Docket No. 2.

**IT IS SO ORDERED**.

DATED: March 31, 2010

RICHARD SEEBORG
United States District Judge

United States District Court
For the Northern District of California

No. C 10-0198 RS (PR)
ORDER TO SHOW CAUSE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Jaime R. Sanchez
F-79414
California Correctional Center
P.O. Box 2210
Susanville, CA 96127


DATED:  03/31/2010



s/ Chambers Staff_____
Chambers of Judge Richard Seeborg


* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

No. C 10-0198 RS (PR)
ORDER TO SHOW CAUSE

5